UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY SIX-LIKENS, | **CASE NO. 2:11-CV-681** |
| Plaintiff, | |
| | **JUDGE** |
| v. | |
| DAVITA COLUMBUS DIALYSIS, | **DEFENDANT TOTAL RENAL CARE, INC. D/B/A COLUMBUS SELECT ACUTES'** |
| Defendant. | <u>**NOTICE OF REMOVAL**</u> |

Defendant Total Renal Care, Inc. d/b/a Columbus Select Acutes ("Defendant") (improperly named in Plaintiff's Complaint as "DaVita Columbus Dialysis"), through the undersigned counsel, hereby gives notice of removal of this action from the Court of Common Pleas for Franklin County, Ohio, where it is currently pending, to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1441 *et seq*. In support of this Notice, Defendant states as follows:

1. On June 16, 2011, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas for Franklin County, Ohio, titled, *Kimberly Six-Likens v. DaVita Columbus Dialysis*, Case No. 11-CV-007378. Plaintiff's Complaint alleges employment-related claims arising from Plaintiff's employment with Defendant.

2. On or around June 29, 2011, the Summons and Complaint were served upon Defendant via certified U.S. mail at Defendant's location at 3830 Olentangy River Road, Columbus, Ohio 43214.

3. All pleadings, process, or orders that exist in this case to date are attached hereto as Exhibit 1.

4. This Notice of Removal is filed within 30 days of service of the Summons and Complaint upon Defendant, pursuant to 28 U.S.C. § 1446(d).

5. This removal is based upon diversity jurisdiction, as conferred by 28 U.S.C. § 1332.

6. This is a civil action in which the amount in controversy is in excess of $75,000, exclusive of interest, costs, and attorneys' fees, and the real parties in interest are citizens of different states. Accordingly, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. §1441.

7. The parties to this action are citizens of different states. Specifically, based upon the allegations contained in her Complaint, Plaintiff is a citizen of the State of Ohio; Defendant is incorporated under the laws of the State of California, with its principal place of business located at 601 Hawaii Street, El Segundo, California 90245.

8. The amount in controversy in this action is in excess of $75,000. The Complaint does not allege a specific amount of damages, but simply alleges that the damages exceed $25,000. However, Plaintiff's salary with Defendant at the time of her termination on March 8, 2010 was approximately $75,000, in addition to employment benefits which Plaintiff received from Defendant. Therefore, Plaintiff's claim for back pay alone may well exceed $75,000. Moreover, as damages resulting from her claims in this matter, Plaintiff is seeking reinstatement to her position with Defendant; back pay and the value of lost benefits; "all actual and proximately caused monetary damages, [and] compensatory damages for emotional distress"; front pay; punitive damages; and all of her costs, which may include attorneys' fees. Based upon Plaintiff's own allegations, the amount in controversy in the instant case likely exceeds $75,000.

9. Nothing in this Notice of Removal should be construed as an admission or acknowledgment of liability or that Plaintiff is entitled to any damages for her claims.

10. Because the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and because all other prerequisites for removal of this case have been satisfied, this matter may be removed to this Court, pursuant to 28 U.S.C. § 1441.

11. Notice of this removal is being given to the Clerk of Court for the Court of Common Pleas for Franklin County, Ohio, and also to Plaintiff's counsel, concurrent with the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

12. Defendant respectfully requests that this Court accept this Notice of Removal and that it assume jurisdiction over Plaintiff's Complaint, pursuant to 28 U.S.C. § 1441, and issue such further orders and processes that may be necessary to bring before it all parties necessary for the trial hereof.

I declare that the above statements are true based upon my personal knowledge and review of Defendant's business records.

    Respectfully submitted,

/s/Daniel L. Messeloff_____
Bruce G. Hearey (0009087)
Daniel L. Messeloff (0078900)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH  44114
 Ph:     216.241.6100
 Fax:    216.357.4733
 Email:  bruce.hearey@ogletreedeakins.com
         daniel.messeloff@ogletreedeakins.com

*Attorneys for Defendant*
*Total Renal Care, Inc. d/b/a Columbus Select Acutes*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2011, a copy of the foregoing document was filed electronically with the Court using the ECF system, which will send notification of such filing to the following: Daniel H. Klos, Esq., at klosdhesq@aol.com. A copy of the foregoing document was also mailed by United States Postal Service to the following:

Daniel H. Klos, Esq.
4591 Indianola Avenue
Columbus, OH 43214

*Attorney for Plaintiff*

              */s/Daniel L. Messeloff*
              *One of the Attorneys for Defendant*

10705993.1 (OGLETREE)